UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-0584-G |
| JAMES SOWELL COMPANY, L.P., ET AL., | ) ) ) | **ECF** |
| Defendants. | ) | |


<u>**MEMORANDUM OPINION AND ORDER**</u>


Before the court is the plaintiff Carolina Casualty Insurance Company's

("Carolina") motion for reconsideration and leave to amend ("motion for

reconsideration") the court's memorandum opinion and order dismissing its

complaint for lack of subject matter jurisdiction.  For the reasons stated below, both

the plaintiff's motion for reconsideration and motion for leave to amend are denied.

I.  <u>BACKGROUND</u>

On April 2, 2007, the plaintiff filed a complaint and request for declaratory

judgment ("complaint") against James Sowell Company, L.P. ("JSC"), Union

Industrial Gas & Supply, Inc. ("UIGS"), Doussan Gas & Supply, Inc. ("DGS"), and Gas Holdings, Inc. ("GHI"). The complaint related to an insurance coverage dispute arising out of litigation in Louisiana. On July 25, 2007, this court issued an order directing Carolina to file an amended complaint within ten days "alleging the names and citizenship of all the members (*i.e.*, partners or owners) of these defendants." Docket Entry 20. Carolina responded on August 6, 2007, filing its first amended complaint and alleging the names and citizenships for the members of JSC and DGS. *See generally* Plaintiff's First Amended Complaint ¶¶ 2, 4.

On August 9, 2007, this court dismissed the case *sua sponte* for lack of subject matter jurisdiction. *See* Docket Entry 27. While Carolina attempted to incorporate the necessary information in its amended complaint, it failed to provide sufficient information for the court to determine whether there was complete and total diversity among the parties. See *id.* Now, well after the dismissal, Carolina has "diligently sought additional information" to properly support subject matter jurisdiction. *See* Motion for Reconsideration ¶ 11.

Subsequently, on September 6, 2007, the plaintiff filed the instant motion for reconsideration of the dismissal of its complaint and leave to amend.

## II. <u>ANALYSIS</u>

The plaintiff's motion seeks reconsideration of the dismissal of its claims for lack of subject matter jurisdiction. The plaintiff alleges the court should reconsider its ruling dismissing the case because it made a good faith effort to comply with the court's order.

### A. <u>Standard for Motion for Reconsideration</u>

The Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60. *Id.* If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b). *Id.*; *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930 (1986).

In this case, because of the lapse of time since rendition of the judgment, the motion is governed by Rule 60(b). See *Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 (5th Cir. 1985). Under Rule 60(b), a party may obtain relief from a final judgment by showing (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to

move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* FED. R. CIV. P. 60(b).

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (quoting *Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 642, 643 (E.D. Tex. 1997)) (internal quotation marks omitted); see also *McNamara v. Bre-X Minerals Ltd.*, 68 F. Supp. 2d 759, 760-61 (E.D. Tex. 1999) (quoting *Waltman v. International Paper Company*, 875 F.2d 468, 473 (5th Cir. 1989)). Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corporation v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). A motion for reconsideration based on recycled arguments serves only to waste the court's resources. *Texas Instruments*, 50 F. Supp. 2d at 621. Accordingly, the court expects litigants to advance their strongest case the first time the court considers the matter. *Id*.

B. <u>Bases for Reconsideration</u>

Although the plaintiff has not specified which of Rule 60(b)'s subsections supports its motion for reconsideration, the court will consider Carolina's argument under sections 60(b)(1) and 60(b)(6), the only clauses that could pertain to its arguments.

Under 60(b)(1), the Fifth Circuit has held that it is not an abuse of discretion to deny relief when the proffered justification is the "inadvertent mistake" of counsel. *Edward H. Bohlin Company, Inc. v. Banning Company, Inc.,* 6 F.3d 350, 356-57 (5th Cir. 1993). In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reasons asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court. *Id.* "Gross carelessness, ignorance of the rules, or ignorance of the law" are insufficient bases for Rule 60(b)(1) relief. *Id.* To the extent that Carolina has misunderstood the law regarding diversity jurisdiction, the court does not find sufficient justification for allowing the plaintiff yet another bite at the apple.

The sixth clause of Rule 60(b) authorizes relief for "any other reason justifying relief from the operation of judgment." FED R. CIV. P. 60(b)(6). Relief, however, is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present." *United States ex rel. Garibaldi v. Orleans Parish School Board*, 397 F.3d 334, 337 (5th Cir.), *cert. denied*, 546 U.S. 813 (2005). Here, the plaintiff

has simply failed to understand the necessary jurisdictional facts it should have pled to create subject matter jurisdiction. After failing once in its initial complaint, the court provided the plaintiff with an opportunity to amend its complaint and remedy the situation. The plaintiff failed a second time, and now seeks a third opportunity to correct its mistakes.[*] The court fails to find any extraordinary circumstances in this situation.

### III.  CONCLUSION

For the above stated reasons, the plaintiff's motion for reconsideration is **DENIED** and the plaintiff's motion for leave to amend is **DENIED**.

**SO ORDERED**.

October 25, 2007.

_____
A. JOE FISH
CHIEF JUDGE

---

[*]     The plaintiff urges in its reply that *Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885 (5th Cir. 2000),  should govern the instant case. *See* Plaintiff's Reply at 3.   However, in *Whitmire*, the district court did not provide the plaintiff with any opportunity at all to properly allege diversity jurisdiction, which distinguishes *Whitmire* from the instant case.  212 F.3d at 889-90.